UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Lee Gourdine, | ) C/A No. 4:10-2828-MBS-TER |
|         Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) (for partial summary dismissal) |
| Scarlett A. Wilson; Bryan A. Alfaro, and Gerald McElvougue, Captain, | ) |
|         Defendants. | ) |

This is a civil action filed *pro se* by a local detention center inmate.[1] At the time this case was filed in November 2010, Plaintiff was a pre-trial detainee incarcerated at the Hill-Finklea Detention Center in Berkeley County for over fifteen months awaiting trial on armed robbery charges. He has now spent several additional months in the jail. In his Complaint, Plaintiff alleges that the conditions of his confinement amount to cruel and unusual punishment. He alleges that Defendant McElvougue is the person who is responsible for the conditions of his confinement.

With regard to Defendants Wilson and Alfaro, it appears from the Complaint that Wilson is the Berkeley County Solicitor and that Alfaro is an Assistant County Solicitor assigned to prosecute the state's criminal case against Plaintiff. He seeks to recover damages from them based on his continued incarceration under what he describes as a too-high bond. Plaintiff also complains that Defendants Wilson and Alfaro are treating him more harshly than his co-defendant is being treated. Plaintiff asks that the two attorneys' bar licenses be suspended, that the charges against him be dismissed, and that he be awarded $ 90,000.00 in damages due to his incarceration "at the Berkeley County Detention Center." (ECF No. 1, Pet. 5).

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal as to two Defendants under the provisions of 28 U.S.C. § 1915(e)(2)(B).

To the extent he seeks damages and other relief for alleged "unjust incarceration" from the Berkeley County Solicitor and one of her Assistants, Plaintiff's Complaint is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury

proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D. Or. June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004).

Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims about the amount of his bond and the decisions made about the way to prosecute his case vis a vis his co-defendant's go directly to Defendants Wilson's and Alfaro's clearly prosecutorial decisions about when to prosecute and whether to even go forward with a prosecution. As stated above, such decisions are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*. Plaintiff is not entitled to recover any damages from either Defendant Wilson or Alfaro based on their performance of these functions which, arguably, are the basis for Plaintiff's continued incarceration. Accordingly, to the extent that it seeks damages from Defendants Wilson or Alfaro, the Complaint in this case is subject to partial summary dismissal.

Furthermore, as stated above, Plaintiff's requested injunctive relief: an order to suspend the bar licenses of both Defendant attorneys, is not relief that this Court can grant. The authority to discipline (including suspensions and up to and including disbarment) South Carolina attorneys is vested in the South Carolina Supreme Court. *In re Thompson*, 539 S.E.2d 396, 401 (S.C. 2000). This Court has no authority to suspend South Carolina attorneys as a form of relief granted in civil actions, thus it cannot grant the injunctive relief requested against Defendants Wilson and Alfaro. *See Maxton v. Johnson*, 488 F. Supp.

1030, 1032n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire or remove officials not within the executive control of that federal district court)(*citing United States v. White County Bridge Comm'n*, 275 F.2d 529, 535 (7th Cir. 1960)). Accordingly, since damages and injunctive relief based on the manner of their job performance in his pending state criminal case constitute Plaintiff's complete claims against Defendants Wilson and Alfaro, the Complaint should be partially summarily dismissed as to these two Defendants and they should no longer be considered parties to this action.

### Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* as to Defendants Wilson and Alfaro and without issuance and service of process for them. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendant.

Plaintiff's attention is directed to the important notice on the next page.

    s/Thomas E. Rogers, III
    Thomas E. Rogers, III
    United States Magistrate Judge

May 16 , 2011
Florence, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).