UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Samuel Lee Gourdine, ) | C/A No. 4:10-2828-MBS-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Scarlett A. Wilson; Bryan A. Alfaro, and ) | |
| Gerald McElvougue, Captain, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff filed this action under 42 U.S.C. § 1983[1] on November 4, 2010. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants filed a Motion for summary judgment along with a memorandum and exhibits in support thereof on September 21, 2011. Because Plaintiff is proceeding pro se, he was advised on or about September 21, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the procedure for summary judgment and the possible consequences if he failed to respond adequately. The Roseboro Order was returned to the Clerk of Court's office via United States Postal Service on October 11, 2011, marked "Return to Sender." (Doc. #45).

On October 13, 2011, this court issued an order directing Plaintiff to inform the court within ten (10) days of the date of said Order if "he intends to continue prosecuting this case." (Doc. #48). Furthermore, Plaintiff was informed that if he did not inform the court of his intentions concerning this action within ten (10) days from the date of said Order, his case may be dismissed pursuant to

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

Federal Rules of Civil Procedure 41(b) for failure to prosecute. The Order further noted that "if Plaintiff submits a response indicating an intent to prosecute, the case will proceed in the usual manner. If the mail is returned undeliverable again and if Plaintiff fails to provide the Court with an updated, current address within the time provided under this Order, it will be presumed that Plaintiff no longer intends to pursue this case and the case will be forwarded to the assigned District Court Judge for consideration of dismissal." The Order of October 13, 2011, was returned to the Clerk of Court's office via United States Postal Service on October 25, 2011, marked "Return to Sender." (Doc. #51). Plaintiff has not provided the court with an updated address.[2]

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of Plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the Defendant;

(3)  the history of the Plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

---

[2] An Order was issued on May 16, 2011, directing the Plaintiff to "always keep the Clerk of Court advised in writing" if his address changed for any reason or his case may be dismissed. (Doc. #20).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion for summary judgment or the court's order requiring him to respond. The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b)

### CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Florence, South Carolina
October 31, 2011

**The parties' attention is directed to the important information on the attached notice.**
.