IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Lee Gourdine, ) | |
| ) | C/A No. 4:10-2828-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Scarlett A. Wilson; Bryan a. Alfaro; and ) | **O R D E R** |
| Gerald McElvougue, Captain, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying events, Plaintiff Samuel Lee Gourdine was detained at the Berkeley County Detention Center in Moncks Corner, South Carolina. Plaintiff, proceeding pro se, filed a complaint on November 4, 2010, alleging that his constitutional rights were violated in various respects. Plaintiff brings the within action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On May 16, 2011, the Magistrate Judge filed a order authorizing service of process for Defendant McElvougue only, and, among other things, directing Plaintiff to notify the Clerk of Court in writing of any change in address.

On September 16, 2011, Defendant filed a motion for summary judgment. On September 21, 2011, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order advising Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately. On October 6, 2011, the envelope containing

Plaintiff's copy of the <u>Roseboro</u> order was returned to the Clerk's Office, marked "RETURN TO SENDER - INMATE RELEASED."

On October 13, 2011, the Magistrate Judge issued an order directing Plaintiff to notify the court within ten days as to whether he wished to continue with the case. The order was returned to the Clerk's Office on October 25, 2011, marked "RETURN TO SENDER - REFUSED - UNABLE TO FORWARD."

On October 31, 2011, the Magistrate Judge issued a Report and Recommendation in which he recommended that the complaint be dismissed, with prejudice, for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b). The envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Clerk of Court on November 14, 2011, marked "RETURN TO SENDER - REFUSED - UNABLE TO FORWARD."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

As noted, Plaintiff was instructed by order filed May 16, 2011 to keep the Clerk of Court advised in writing if his address changed for any reason. Plaintiff was informed that his case could be dismissed for failing to comply with the May 16, 2011 order. Nevertheless, Plaintiff has provided the court with no change of address. It appears that Plaintiff no longer wishes to pursue

this action. The court concurs in the Report and Recommendation and incorporates it herein by reference. The within action is dismissed with prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

November 21, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**